**Thomas E. McDermott**, OSB #762430
Email: tmcdermott@lindsayhart.com
**James McCurdy**, OSB # 043564
Email: jmccurdy@lindsayhart.com
LINDSAY, HART, NEIL & WEIGLER, LLP
1300 SW Fifth Avenue, Suite 3400
Portland, Oregon 97201-5640
Phone: 503-226-7677
Fax: 503-226-7697
      Attorneys for Plaintiff

*FILED '10 JUN 1 15:55 USDC-ORP*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

CROWLEY MARINE SERVICES, INC.,

      Plaintiff,

v.

ROBERT THINNES,

      Defendant.

Case No. CV'10 - 617 MO

**COMPLAINT IN ADMIRALTY**

**Declaratory Relief Pursuant to 28 U.S.C. §2201**

For its Complaint, plaintiff Crowley Marine Services, Inc. (hereinafter "Crowley") alleges as follows:

**JURISDICTION AND VENUE**

1.

Jurisdiction exists pursuant to 28 U.S.C. §1333.

2.

Venue lies in this court because this court has personal jurisdiction over defendant.

**PARTIES**

3.

Plaintiff Crowley is a foreign business corporation registered in Delaware with its principal place of business in Jacksonville, Florida.

Page 1 - **COMPLAINT IN ADMIRALTY**
00341989.doc

LINDSAY, HART, NEIL & WEIGLER, LLP

#33751

4.

At all material times, defendant Robert Thinnes was a seaman employed by Crowley to do work aboard its vessels and was a resident of Oregon.

**Claim for Relief**

5.

Mr. Thinnes claims to have injured his back while working aboard Crowley's tug NAVIGATOR in April 2007.

6.

Once informed of Mr. Thinnes' claim, Crowley promptly began to pay plaintiff the maintenance and cure benefits to which he was entitled for his back strain pursuant to maritime law.

7.

Regardless of fault, Crowley is obligated to pay maintenance and cure benefits if an employed seaman falls ill or is injured while in the service of the vessel. "Maintenance" is a living allowance paid on a per diem basis and is meant to cover the seaman's food and lodging. "Cure" is intended to cover the seaman's medical expenses resulting from the injury. Cure payments are only required for treatment which is "curative" rather than "palliative." Payments for maintenance and cure are necessary until the seaman reaches the point of "maximum medical improvement" from the work-related illness or injury.

8.

Mr. Thinnes' primary treating doctor recently confirmed that on or about December 22, 2009 Mr. Thinnes reached the point of maximum medical improvement from his work-related back strain.

/ / /

/ / /

/ / /

/ / /

9.

Mr. Thinnes and Crowley, through respective counsel, have engaged in settlement negotiations regarding potential Jones Act negligence and unseaworthiness claims. Mr. Thinnes' counsel presented a draft complaint which also includes a claim for punitive damages for failure to pay cure benefits. *See* Exhibit A attached hereto.

10.

Crowley has paid all medical bills received to date regarding Mr. Thinnes' work-related back strain and continues to advance maintenance benefits as a courtesy to Mr. Thinnes despite his having reached maximum medical improvement on December 22, 2009.

11.

Mr. Thinnes contends that Crowley owes him cure benefits for bilateral total hip replacements alleging an aggravation of his hips when his back was strained on the job in April 2007. Crowley denies that it owes any maintenance and cure obligation with regard to Mr. Thinnes' hips.

12.

Based on the foregoing, a judiciable controversy exists between Crowley and Mr. Thinnes and Crowley is entitled to a declaration that it does not owe Mr. Thinnes any maintenance and cure benefits beyond the date of maximum medical improvement on December 22, 2009.

13.

Crowley is entitled to reimbursement for all maintenance benefits paid to Mr. Thinnes after December 22, 2009, the point at which his treating doctor determined he reached maximum medical improvement.

///

///

///

///

LINDSAY, HART, NEIL & WEIGLER, LLP

14.

Crowley brings this action seeking the entry of a declaratory judgment that Mr. Thinnes reached maximum medical improvement on December 22, 2009 and that Crowley is legally entitled to terminate all maintenance and cure benefits and also to seek reimbursement from Mr. Thinnes for all maintenance benefits paid after December 22, 2009.

WHEREFORE, plaintiff Crowley Marine Services prays for judgment declaring that its maintenance and cure obligations to Mr. Thinnes have been satisfied and that it is entitled to reimbursement for all maintenance and benefits paid to Mr. Thinnes after December 22, 2009.

Dated this _1_ day of June, 2010.

LINDSAY, HART, NEIL & WEIGLER, LLP

By: _____
Thomas E. McDermott, OSB No. 762430
tmcdermott@lindsayhart.com
James McCurdy, OSB No. 043564
jmccurdy@lindsayhart.com
Attorneys for Plaintiff Crowley

1

2

3

4          IN THE CIRCUIT COURT FOR THE STATE OF OREGON

5                  FOR THE COUNTY OF MULTNOMAH

6   ROBERT THINNES,                      )
                                         )  Case No.
7          Plaintiff,                    )
                                         )  COMPLAINT – JONES ACT
8       v.                               )  NEGLIGENCE (46 USC §30104(a)),
                                         )  UNSEAWORTHINESS, and BREACH
9   CROWLEY MARINE SERVICES, INC.        )  OF THE DUTY TO PROVIDE CURE
                                         )
10         Defendant.                    )  (NOT SUBJECT TO MANDATORY
                                         )  ARBITRATION)
11                                       )
                                         )  REQUEST FOR JURY TRIAL
12  ──────────────────────────────────  )

                      **General Allegations**
13

14                              1.

15      At all times material, defendant, Crowley Marine Services was a Foreign Business

16  Corporation registered to do business in the State of Oregon and was the owner of vessels operating

17  upon the navigable waters of the United States, including the Tug Navigator.

18                              2.

19

20      At all times material, plaintiff was employed by defendant as a seaman and member of the

21  crew of defendant's vessels.

22                              3.

23      On or about April 12, 2007, plaintiff was assisting a master mechanic that defendant had

24  hired to perform clutch inspections.  In the process of assisting with the removal of the heavy clutch

25  shrouds, claimant injured his lower back.  After several days of rest, claimant returned to performing

26

PAGE 1 -  COMPLAINT - JONES ACT NEGLIGENCE, UNSEAWORTHINESS,
          AND REQUEST FOR JURY TRIAL

PRESTON BUNNELL & FLYNN, LLP
Attorneys at Law
1500 SW FIRST AVENUE, SUITE 770
Portland, Oregon 97201
Telephone (503) 227-5445

1    duties aboard the Tug for the remainder of that voyage but experienced ongoing pain and spasming

2    of both his lower back and hip. Because employer had recently reduced the number of crew

3    members on the tug, plaintiff needed to work on deck much more than had previously been

4    necessary.

5

6                    **FIRST CLAIM FOR RELIEF –**
                   **JONES ACT NEGLIGENCE**

7

8                          4.

9      Plaintiff incorporates the allegations of paragraphs 1-3 above.

10                        5.

11      At the time and aboard the vessel described above, defendant, through its agents and

12    employees, was negligent in one or more of the following particulars:

13         a.      Failing to provide mechanical assistance for the moving and lifting of the heavy

14

15                 clutch shrouds;

16         b.      Hiring a master mechanic and crew who conducted the clutch inspection operation

17                 without adequate safety procedures, including safety equipment for heavy lifting ; and

18         c.      Undermanning of the vessel.

19                        6.

20

21      As a result of defendant's negligence, plaintiff suffered a strain of his low back and

22    aggravation of preexisting conditions of his back and hips, which have required two hip replacement

23    surgeries and a need for future medical care and have caused plaintiff to incur medical expenses, lost

24    wages and loss of earning capacity, all to plaintiff's economic damage in the amount of $.

25

26

PAGE 2 - COMPLAINT - JONES ACT NEGLIGENCE, UNSEAWORTHINESS,
           AND REQUEST FOR JURY TRIAL

PRESTON BUNNELL & FLYNN, LLP
Attorneys at Law
1500 SW FIRST AVENUE, SUITE 770
Portland, Oregon 97201
Telephone (503) 227-5445

1          7.

2    As a further result of defendant's negligence, plaintiff has and will experience pain,

3    discomfort, distress, loss of enjoyment and interference with usual activities apart from work, all to

4    his non-economic damages in the amount in the amount of $.

5

6                    **SECOND CLAIM FOR RELIEF –
                        UNSEAWORTHINESS**

7                           8.

8    Plaintiff incorporates the allegations of paragraphs 1-3 above.

9

10                          9.

11   At all material times, the Tug Navigator was unseaworthy in one or more of the following

12   ways:

13      a.    No mechanical assistance was available to help seamen with lifting of the heavy

14            clutch shrouds;

15

16      b.    The vessel retained a master mechanic and crew to conduct the clutch inspection

17            operation who were not adequately prepared and/or traied in adequate safe lifting

18            procedures; and

19      c.    The vessel was not adequately manned.

20

21                          10.

22   As a result of the unseaworthiness of defendant's vessel, plaintiff suffered a strain of his low

23   back and aggravation of preexisting conditions of his back and hips, which have required two hip

24   replacement surgeries and a need for future medical care and have caused plaintiff to incur medical

25

26

PAGE 3 -  COMPLAINT - JONES ACT NEGLIGENCE, UNSEAWORTHINESS,
          AND REQUEST FOR JURY TRIAL

PRESTON BUNNELL & FLYNN, LLP
Attorneys at Law
1500 SW FIRST AVENUE, SUITE 770
Portland, Oregon 97201
Telephone (503) 227-5445

**Exhibit A
Page 3 of 5**

1    expenses, lost wages and loss of earning capacity, all to plaintiff's economic damage in the amount

2    of $.

3                                                11.

4

5    As a further result of the unseaworthiness of defendant's vessel, plaintiff has and will

6    experience pain, discomfort, distress, loss of enjoyment and interference with usual activities apart

7    from work, all to his non-economic damages in the amount in the amount of $.

8                                **THIRD CLAIM FOR RELIEF**
                         **BREACH OF THE DUTY TO PROVIDE CURE**
9

10                                              12.

11        Plaintiff incorporates the allegations of paragraphs 1-3 above.

12                                              13.

13

14        As a result of injuries sustained while employed by defendant aboard the Tug Navigator,

15    plaintiff sustained an aggravation of a preexisting hip condition that has required two hip

16    replacement surgeries and a need for future medical care.

17                                              14.

18        Defendant has refused to provide reasonable and necessary medical services for plaintiff's

19    hip condition.

20

21                                              15.

22        Defendant's breach of its duty to provide medical service was willful and wanton and

23    justifies an assessment of punitive damages against defendant.

24

25

26

PAGE 4 -   COMPLAINT - JONES ACT NEGLIGENCE, UNSEAWORTHINESS,
           AND REQUEST FOR JURY TRIAL

PRESTON BUNNELL & FLYNN, LLP
Attorneys at Law
1500 SW FIRST AVENUE, SUITE 770
Portland, Oregon  97201
Telephone (503) 227-5445

**Exhibit A**
**Page 4 of 5**

1    WHEREFORE, plaintiff prays for economic damages in the amount of $ and non-economic

2    damages in the amount of $. Plaintiff reserves the right to move to amend this complaint to add a

3    claim for punitive damges.

4
                                        PRESTON BUNNELL & FLYNN, LLP
5

6
                                        By_____
7                                            Peter W. Preston, OSB #82107
                                            Meagan A. Flynn, OSB #92307
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PAGE 5 -  COMPLAINT - JONES ACT NEGLIGENCE, UNSEAWORTHINESS,
          AND REQUEST FOR JURY TRIAL

PRESTON BUNNELL & FLYNN, LLP
Attorneys at Law
1500 SW FIRST AVENUE, SUITE 770
Portland, Oregon  97201
Telephone (503) 227-5445