IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


**CROWLEY MARINE SERVICES, INC.**,

    Plaintiff,                                                     No. CV 10-617-MO

        v.                                                            OPINION AND ORDER

**ROBERT THINNES**,

    Defendant.


        **MOSMAN, J.**,

        This motion largely turns on whether the statute of limitations for a maritime injury is tolled by a tolling agreement. Robert Thinnes was injured while working on a tug operated by Crowley Marine Services, Inc. ("Crowley"). Crowley now moves for summary judgment, arguing that Mr. Thinnes's unseaworthiness claim, Jones Act claim and duty to cure claim are time barred by the statute of limitations and laches. Mr. Thinnes argues that there is a tolling agreement that tolls the statute of limitations, and that agreement should be reformed to cover this incident. Crowley argues that the agreement does not apply. Because I find that the agreement applies, I deny summary judgment.

## BACKGROUND

        Robert Thinnes heard a pop in his hip when he was moving some heavy equipment on Crowley's tug. The parties believed this happened on April 12, 2007, so the three-year statute of limitations under the Jones Act would have expired on April 12, 2010. 46 U.S.C. § 30106.

1 – OPINION AND ORDER

The parties made a tolling agreement to toll the statute of limitations. This agreement tolled the statute of limitations from April 12, 2010 to October 1, 2010. However, looking back over the ship logs it became clear that his injury happened a few days before April 12, so when the agreement became effective on April 12, the statute of limitations had already expired. In effect, there was nothing to toll.

The agreement reads in part:

> This Tolling Agreement pertains to the April 12, 2007 workplace incident and continuing harmful work exposure through June 14, 2007 as alleged by Claimant. The parties, by and through their respective counsel, hereby agree to toll all applicable statutes of limitation that apply to the alleged April 12, 2007 incident and alleged continuing harm from work exposure through June 14, 2007 commencing April 12, 2010 through and including October 1, 2010.
> . . .
> This Agreement is also subject to the condition that, in the event any statute of limitations has already run on any claim by Claimant before April 12, 2010, Crowley is not precluded from raising such statute of limitations defense as a bar to such claim.
> . . .
> This Tolling Agreement contains the entire agreement among or between the parties hereto with regard to any applicable statutes of limitations and is supported by mutual consideration as both parties desire to avoid the cost and expense of litigation.
> . . .
> This Agreement is effective as of April 12, 2010.
> . . .
> /signed March 31, 2010./

(McCurdy Decl. Ex. F (#32-1) 1.)

Crowley filed this action in June 2010, seeking a declaratory judgment that it does not owe Mr. Thinnes maintenance and cure. Crowley's complaint did not mention the time bar. (Complaint (#1) 1–9.)

## LEGAL STANDARD

Crowley is entitled to summary judgment if "there is no genuine dispute as to any material fact," and Crowley "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In

analyzing this motion, I view the evidence and draw all reasonable inferences in the light most favorable to Mr. Thinnes. *Edwards v. Wells Fargo & Co.*, 606 F.3d 555, 557 (9th Cir. 2010).

## LIMITATION PERIODS

Crowley argues that each claim is time-barred, relying on the statute of limitations for two claims and laches for the third. The statute of limitations is three years for the Jones Act negligence claim and the unseaworthiness claim. *See* 46 U.S.C. § 30106; *McAllister v. Magnolia Petrol. Co.*, 357 U.S. 221, 224 (1958).

Mr. Thinnes's duty to cure claim is subject to laches, which does not have a strict time limit, but "depend[s] on the peculiar equitable circumstances" of each case. *Espino v. Ocean Cargo Line, Ltd.*, 382 F.2d 67, 68 (9th Cir. 1967) (internal quotations omitted). The equitable circumstances I am required to consider are whether the delay was excusable, and whether the other party is prejudiced by the delay. *Id.* at 69. I may also consider whether an analogous statute of limitations has run. *Shouse v. Pierce Cnty.*, 559 F.2d 1142, 1147 (9th Cir. 1977) ("It is extremely rare for laches to be effectively invoked when a plaintiff has filed his action before limitations in an analogous action at law has run."). Other circuits have considered negligence claims under the Jones Act or unseaworthiness claims to be analogous, and have analyzed laches with a three-year limitation as a starting point. *See, e.g.*, *Cooper v. Diamond M Co.*, 799 F.2d 176, 178–79 (5th Cir. 1986).

## DISCUSSION

**I.** **Reformation**

To be entitled to reformation, Mr. Thinnes must prove by clear and convincing evidence that:

1. there was an antecedent agreement to which the contract can be reformed;

3 – OPINION AND ORDER

      2.        there was a mutual mistake or a unilateral mistake on the part of the party seeking reformation and inequitable conduct on the part of the other party; and

      3.        the party seeking reformation was not guilty of gross negligence.

*Jensen v. Miller*, 570 P.2d 375, 377 (Or. 1977).

### A. *Antecedent Agreement*

Mr. Thinnes argues that there was an agreement to toll the statute of limitations for his hip injury and later there was a written instrument memorializing that agreement. The written instrument incorrectly recorded the agreement between the parties, so the contract can be reformed to match the unwritten agreement. I agree.

> [W]here a written agreement fails to set out a prior agreement correctly in some material respect, a court of equity will ordinarily reform it. The question is whether there was such an agreement, that is, something to which the subsequent written document can be made to conform. The antecedent agreement itself need not be complete and certain enough to be a contract by itself. In appropriate circumstances, a single term can constitute the operative antecedent agreement.

*Cent. Or. Indep. Health Servs., Inc. v. Oregon*, 156 P.3d 97, 104 (Or. Ct. App. 2007) (internal quotations and citations omitted).

In *Jensen v. Miller*, the Oregon Supreme Court reformed a land sale contract where the parties agreed to transfer a parcel of land that extended out to a certain brush line, but the actual contract and deed covered a smaller parcel. *Id.* at 376–77. All the written instruments covered only that smaller parcel. Without much of a discussion about antecedent agreements, the court reformed the written instruments, finding that "the initial agreement of the parties was that the brush line would represent the eastern boundary of the land." Id. at 377–78.

The date boundary here is similar to the land boundary in *Jensen*. The parties made an underlying agreement about the incident for which the limitations period would toll, which none of the legal instruments properly recorded, and the parties were mistaken about what the contract did. Viewing the facts in the light most favorable to Mr. Thinnes this first element is met.

4 – OPINION AND ORDER

### B.   *Mutual Mistake*

Mr. Thinnes meets the second element of reformation by showing mutual mistake. Crowley argues that this is not the type of mistake that can be remedied, and that any mistake was unilateral. I disagree.

#### 1.   **Mistake in Drafting or in Contracting**

Crowley argues that this was a mistake of fact, not a mistake of drafting, so it cannot be reformed. "An instrument will not be reformed because of a mistake of fact which, if known, probably would have induced the making of a different contract. Thus, to warrant reformation for mutual mistake, the error must have been in the drafting of the instrument and not in the making of the contract." *King v. Talcott*, 723 P.2d 1058, 1060 (Or. Ct. App. 1986) (denying reformation where a land seller forgot to retain an easement to the part of his land that he did not sell).

The question is whether the instrument accurately reflects the agreement. If the purpose of the agreement was to set fixed dates regardless of the events surrounding them, then the instrument accurately reflects the parties' agreement. But if the purpose of the agreement was to toll the limitations period for the April incident, the instrument was improperly drafted.

I find that the purpose of the agreement was to toll the limitations period for the accident. The agreement says, "This Tolling Agreement pertains to the April 12, 2007 workplace incident and continuing harmful work exposure through June 14, 2007, as alleged by Claimant." No party has alleged any other incident that this agreement might have been designed to cover. Because the purpose of the agreement was to address the hip injury incident, and the instrument improperly recorded the dates to carry that intention into effect, this is the type of mistake reformation can correct.

### 2. Mutual Mistake

The second issue is whether this was a mutual mistake. Crowley now denies that this was a mutual mistake, but examining the facts in the light most favorable to Mr. Thinnes, I find that it was.

If the tolling agreement had not tolled the statute of limitations, the claim would have expired on April 12, 2010. Yet after April 12, Crowley's actions suggest that Crowley did not believe the claim was time barred. For example, Crowley's first complaint did not mention the time bar as a reason for its declaratory judgment.[1] (Complaint (#1) 1–9.) The complaint also mentions that the parties have entered settlement negotiations "regarding the Jones Act and unseaworthiness claims." (Complaint (#1) 3.) One could draw a reasonable inference that Crowley continued to treat these claims as viable because it did not realize they had already expired. This supports an inference of mutual mistake. Crowley's history of repeatedly relying upon a different contract than what was recorded in the written instrument highlights the narrowness of my opinion.

### C. *Gross Negligence*

Finally, Mr. Thinnes was not grossly negligent here.

"'[G]ross negligence' is innately circumstantial and elastic." *Pioneer Res., LLC v. D.R. Johnson Lumber Co.*, 68 P.3d 233, 256 (Or. Ct. App. 2003), rev. den., 77 P.3d 319 (Or. 2003). Oregon courts have held that it is not gross negligence for a plaintiff to fail "to detect objectionable

---

[1] The statute of limitations in a Jones Act claim is relevant to determining timeliness in a duty to cure claim, as mentioned above. So it is reasonable to infer that Crowley's complaint would have mentioned it if Crowley believed it applied. Crowley's complaint sought a declaratory judgment that it no longer owed a duty to cure. As discussed above, the duty to cure is subject to a laches defense, rather than the statute of limitations, however, "[c]ourts typically use an analogous state statute of limitations as a guide to the running of laches in admiralty cases." *Jones v. Reagan*, 748 F.2d 1331, 1335 (9th Cir. 1984). Crowley's own motion for summary judgment argues that duty to cure claims are often judged by the three year statute of limitations found in the Jones Act. (Mem. in Supp. (#28) 5.) Yet Crowley's complaint never mentioned that the three year statute of limitations had expired. This creates a reasonable inference that Crowley did not believe the statute of limitations had expired.

6 – OPINION AND ORDER

content in a legal document, [when] both parties were mistaken about what boiled down to a scrivener's error." *Murray v. Laugsand*, 39 P.3d 241, 250–51 (Or. Ct. App. 2002). Mr. Thinnes's mistake here is somewhat problematic because his own counsel drafted the erroneous dates, but *Murray* does not seem to distinguish between errors by considering which party drafted them. Drawing all reasonable inferences in Mr. Thinnes's favor I find that he was not grossly negligent.

## II.     Equitable Estoppel

Because I find that the contract can be reformed, I do not reach Mr. Thinnes's equitable estoppel claim.

## III.    Duty to Cure – Out-of-Pocket Costs

The duty to cure covers only the seaman's out-of-pocket costs. It does not cover medical expenses that were paid for by someone else. Crowley argues that Mr. Thinnes's medical costs were all covered by Blue Cross, Crowley's insurance company, so they were not out-of-pocket costs, and so they are not covered by the duty to cure. (Crowley's Op. Br. (#28) 11.) Mr. Thinnes does not address this argument.

The Ninth Circuit has not addressed how insurance coverage offsets the duty to cure, so I follow the majority approach as stated by the treatise American Jurisprudence on Shipping, Second Edition. Am. Jur. 2d Shipping § 331.

> When an injured seaman receives from a third party payment for medical expenses he or she has incurred, and these payments are provided pursuant to an insurance policy purchased solely by the seaman, the maintenance and cure is furnished at the expense of the seaman, and the shipowner should not be entitled to any offset for amounts paid under such a policy.

*Id. See also, Gauthier v. Crosby Marine Serv., Inc.*, 752 F.2d 1085, 1091 (5th Cir. 1985).

The facts are not clear here about whether Mr. Thinnes paid premiums or copayments. The only information submitted is that the plan was "employer-sponsored." (Weiss Decl. (#29) ¶ 4.)

7 – OPINION AND ORDER

Because neither party submitted any evidence showing whether or not Mr. Thinnes was required to contribute premiums or copayments, Crowley has not met its burden at summary judgment. Therefore, I cannot find that Mr. Thinnes had no out-of-pocket costs, so I deny summary judgment on the duty of cure claim.

## IV.     Crowley's Procedural Arguments

Crowley argues in passing that state law does not apply to federal maritime claims. But while the claims are maritime claims, the issues are issues of contract interpretation, which is clearly state law. Crowley offers no support for this argument, and I reject it.

Crowley also argues that Mr. Thinnes cannot raise the issue of reformation because he never pled it. Crowley does not support this statement with any argument. Because Crowley didn't mention the tolling agreement in its complaint, Mr. Thinnes did not need to attack it in its answer.

## CONCLUSION

For the foregoing reasons, I DENY Crowley's Motion for Summary Judgment (#27).

IT IS SO ORDERED.

DATED this   27th   day of April, 2011.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court

8 – OPINION AND ORDER