IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**CROWLEY MARINE SERVICES, INC.,**

   Plaintiff,

    v.

**ROBERT THINNES,**

   Defendant.

No. 3:10-cv-617-MO

OPINION AND ORDER

**MOSMAN, J.**,

    Crowley Marine Services Inc. ("Crowley") has filed a petition [53] requesting certification under 28 U.S.C. § 1292(b) ("1292(b)") of my Order of April 27, 2011, denying Crowley's motion for summary judgment and my subsequent Order of June 23, 2011, denying reconsideration, so that Crowley may pursue an interlocutory appeal. I deny Crowley's motion because I find that Crowley has not met the necessary criteria for certification under 1292(b).

## BACKGROUND

    This case involves a claim for declaratory relief by Crowley pursuant to 28 U.S.C. § 2201 for maintenance and cure obligations to Mr. Robert Thinnes relating to an alleged injury that occurred aboard Crowley's tug, the Navigator. Mr. Thinnes raised three counterclaims: negligence under the Jones Act; unseaworthiness of the Navigator; and breach of duty to provide cure. The subject of the present dispute is essentially a tolling agreement between the parties to toll the statute of limitations from April 12, 2010, to October 1, 2010. Looking back over the

ship logs it became clear that the injury happened a few days before April 12, 2007, so when the agreement became effective on April 12, 2010, the statute of limitations had already expired, and there was nothing to toll. (Order [41] 2.). Crowley moved for summary judgment, arguing that any claims were time barred by the statute of limitations and laches. Mr. Thinnes argued that the tolling agreement should be reformed as a result of mutual mistake. I agreed with Mr. Thinnes and denied summary judgment.

## LEGAL STANDARD

Under 1292(b), a district court may certify an immediate appeal of an interlocutory order if the court is of the opinion that (1) the "order involves a controlling question of law;" (2) there is "substantial ground for difference of opinion;" and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The Ninth Circuit has explained that 1292(b) "is to be applied sparingly and only in exceptional circumstances." *United States v. Woodbury*, 263 F.2d 784, 788 n.11 (9th Cir. 1959). The legislative history demonstrates that 1292(b) is reserved for "extraordinary cases where decision of an interlocutory appeal might avoid protracted and expensive litigation." *United States Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966). The burden of demonstrating that the three requirements are met in a 1292(b) request is on the party pursuing the interlocutory appeal. *Couch v. Telescope, Inc.*, 611 F.3d 629, 633 (9th Cir. 2010).

## DISCUSSION

Crowley has failed to establish that my denial of summary judgment involves a controlling question of law. There is no dispute regarding whether reformation exists under Oregon law and what the reformation elements are. Instead, what Crowley argues is that the elements were wrongly applied on the facts of this particular case. Crowley has thus not met its

burden to show that the issue here is a "controlling question of law." Rather, the issue is "an issue of whether summary judgment should be granted" on the facts presented, based on the undisputed law. *See Ahrenholz v. Bd. of Trs. of the Univ. of Ill.*, 219 F.3d 674, 677 (7th Cir. 2000).

Nor has Crowley shown that there is any ground for difference of opinion regarding the pertinent issues here. There is no evidence that the law is unclear. "That settled law might be applied differently does not establish a substantial ground for difference of opinion." *Couch*, 611 F.3d at 633.

## CONCLUSION

This is not the kind of "exceptional circumstance" to depart from the normal rule that only final judgments are appealable. Accordingly, I DENY Crowley's petition [53].

IT IS SO ORDERED.

DATED this __30___ day of September, 2011.

                                         /s/ Michael W. Mosman
                                         MICHAEL W. MOSMAN
                                         United States District Court